| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SHERI LEANNE QUALLS, | ) | Case No.: 1:14-cv-02055-BAM |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| v. | ) ) ) | |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | ) ) ) | (Doc. Nos. 20, 25) |
| Defendant. | ) ) | |

Pending before the Court is counsel for Plaintiff Sheri Leanne Qualls' ("Plaintiff") motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).[2] (Doc. Nos. 20, 25.) The Commissioner of Social Security (the "Commissioner") has filed a statement of non-opposition to the motion. (Doc. No. 27.) Having reviewed the motion and its supporting documentation, as well as the case file, the Court **GRANTS** the motion and awards attorneys' fees in the amount of $7,985.68.

**I.    Relevant Background**

The Cerney Kreuze & Lott, LLP entered into a written contingent fee agreement with Plaintiff dated December 23, 2014, which provided that "[i]f Attorney prevails before the Federal Court, and if

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

[2] Counsel for Plaintiff originally filed the motion on November 7, 2019, seeking fees pursuant to 42 U.S.C. § 402(b) in the amount of $9,039.78 based upon an award of $44,702.46 in past due benefits. (Doc. No. 20.) On December 20, 2019, counsel filed an amended motion seeking fees pursuant to 42 U.S.C. § 402(b) in the amount of $7,985.68 based upon an award of $31, 972.73 in past due benefits. (Doc. No. 25.) According to counsel, the Commissioner originally provided a Notice of Award dated August 24, 2016 calculating Plaintiff's past due benefits as $44,702.46. (Doc. No. 25-1.) On December 16, 2019, the Commissioner issued a Notice of Award which calculated a "revised" past due benefit amount of $31,942.73. (*Id.*) Accordingly, counsel amended the motion to seek a lesser amount of attorneys' fees based upon the new information from the Notice of Award dated December 16, 2019. (*Id.*)

1

Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits." (Doc. Nos. 20-3, 25-4.)

On December 23, 2014, Plaintiff filed this action seeking judicial review of the Commissioner's denial of benefits. (Doc. No. 1). The parties stipulated to a voluntary remand of the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), which the Court approved on August 24, 2015. (Doc. No. 16.) On November 18, 2015, the Court approved the parties' stipulation to award Plaintiff $2,150.00 in attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). (Doc. No. 19.) On remand, the Commissioner granted Plaintiff's application for benefits and, on August 24, 2016, issued a notice indicating that Plaintiff was entitled to receive approximately $44,702.46 in retroactive benefits. (Doc. No. 20-2 at Ex. A; Doc. No. 25-1 at Ex. A.) On December 16, 2019, the Commissioner issued a notice indicating that Plaintiff's "revised" retroactive benefits totaled $31,942.73 because the Commissioner found that Plaintiff met the non-medical rules and not the medical requirements to receive Supplemental Security Income. (Doc. No. 25-1 at Ex. B.)

In the present Motion, Plaintiff's counsel asks the Court to award attorneys' fees in the amount of $7,985.68. (Doc. No. 25-1.) The Commissioner filed a notice of non-opposition to the motion requesting that any fee award include an instruction to counsel to compensate Plaintiff in the amount of EAJA fees already received. (Doc. No. 27.)

## II.   Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . ..

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement

is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht, supra,* 535 U.S. at 807.

**III.    Discussion and Analysis**

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of his motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. (Doc. Nos. 20-3, 25-4.) Plaintiff's counsel accordingly accepted the risk of loss in the representation. Plaintiff's counsel additionally expended a total of 12.8 hours of attorney time while representing Plaintiff before the District Court. (Doc. Nos. 20-4, 25-5.) As a result of counsel's work, the matter was remanded for further proceedings before an Administrative Law Judge, who issued a fully favorable decision and awarded Plaintiff benefits.

Plaintiff's counsel provided a copy of the notice of award and the motion for attorney's fees to Plaintiff. (Doc. Nos. 21, 26, 30.) Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner, in its advisory capacity, declined to dispute the propriety of the amount of the fees requested by Plaintiff's counsel. (Doc. No. 27.)

Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award

of past-due benefits. Accordingly, the Court finds the fees sought by counsel are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. § 406(b).

**IV.     Conclusion and Order**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b), as amended (Doc. Nos. 20, 25), is GRANTED;

3. Plaintiff's counsel is awarded $7,985.68 in attorneys' fees pursuant to 42 U.S.C. § 406(b); and

5. Plaintiff's counsel shall compensate Plaintiff in the amount of $2,150.00 for fees previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated:     **March 9, 2020**                    /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE

4